**In re: YOUNG BUILDERS, INC. PROFIT SHARING AND RETIREMENT TRUST, Debtor.**

**Michael E. Gottfried; Frederick G. Gamble, Appellants,**

v.

**Kay Brumgard; Richard Brumgard; David A. Birdsell, Trustee, Appellees.**

No. 00–17328.

BAP No. AZ–99–01156–RyBK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2001 *.

Decided Dec. 26, 2001.

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

MEMORANDUM **

Michael E. Gottfried and Frederick G. Gamble appeal from a decision of the Bankruptcy Appellate Panel ("BAP") affirming in part and vacating and remanding in part a sanctions order and subsequent denial of motions for reconsideration issued by the bankruptcy court. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

We must consider sua sponte whether we have jurisdiction over an appeal. We have jurisdiction over appeals from the BAP only when both the bankruptcy court decision and the BAP decision are final. *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 761 (9th Cir.2000). Here, neither decision is final for purposes of appeal to the court of appeals.

The bankruptcy court's sanction order and subsequent denial of motions for reconsideration are not final even under the more liberal standards of finality applied to bankruptcy court decisions. *See Bonham*, 229 F.3d at 761. The October 1997 order required the attorneys to submit declarations detailing both paid and unpaid fees and costs within 20 days and stated: "[T]he court expressly reserves the right, subject to notice and hearing, to impose such further sanctions as may be appropriate based upon the reports and information to be filed with this court." The February 1999 order denied the attorneys' fee applications "without prejudice," stat-

---

* The panel granted an unopposed motion to submit this appeal on the briefs without oral argument.

ing that "[e]ither or both counsel ma[y] request consideration of their respective applications when they deem appropriate." In the same order, it also stated that the pending motions for reconsideration and similar relief were denied. In its July 2000 order, it again stated simply that the motions for reconsideration and similar relief were denied, without addressing the amount of fees to be forfeited. Thus, by their terms, the bankruptcy court's orders leave open the possibility of further action relating to attorneys' fees.

In addition, the BAP's decision also is not final. When the BAP remands a matter to the bankruptcy court for "factual findings related to a central issue raised on appeal," that order may nonetheless be considered final for purposes of appeal to the court of appeals in certain circumstances when the remanded issue is purely legal in nature and its resolution on appeal could either dispose of the case or materially aid the bankruptcy court in reaching its decision on remand. *See Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 904 (9th Cir.1993). However, none of the issues raised in this appeal involves a pure question of law. Thus, the BAP decision remanding the case is not final for the purposes of appellate review.

Because we lack appellate jurisdiction over this appeal for lack of finality, this appeal is hereby DISMISSED for lack of jurisdiction.

DISMISSED.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.